**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DOUGLAS ROBERTSON (#91333)**                    **CIVIL ACTION**

**VERSUS**

**LA. STATE SUPREME COURT**                       **NO. 09-1029-JJB-CN**


**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, December 21, 2009.


**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOUGLAS ROBERTSON (#91333)                    CIVIL ACTION

VERSUS

LA. STATE SUPREME COURT                       NO. 09-1029-JJB-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action as a "Petition for Writ of Mandamus Pursuant to 28 U.S.C. Subsection 1651(A) [and] 1406(A)". The plaintiff alleges in his petition that, in July, 2009, he filed an application for supervisory writs with the Louisiana Supreme Court, seeking review of issues related to his criminal conviction. The plaintiff further alleges that he requested expedited review in connection with this application. Notwithstanding, the Louisiana Supreme Court has not acted on his application, and he complains that his repeated requests for information have met only with the response that his application is "pending". He seeks an Order from this Court compelling the Louisiana Supreme Court to "expedite review" of his application.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915 dismissal may be made at any time

before or after service of process and before or after an answer is filed.  Cf., Green v. McKaskle, supra.

In the instant case, the Court lacks jurisdiction to address the plaintiff's claims.  Although the plaintiff relies upon the All Writs Act, 28 U.S.C. § 1651, to support his entitlement to relief, the law is well-settled that the referenced statute is not an independent basis for jurisdiction.  Rather, it merely authorizes a court to issue commands, in aid of its jurisdiction, which are necessary to effectuate orders it has previously issued where jurisdiction has otherwise been obtained.  Texas v. Real parties in Interest, 259 F.3d 387 (5 th Cir. 2001), cert. denied, 534 U.S. 1115, 122 S.Ct. 924, 151 L.Ed.2d 887 (2002).  See also Clinton v. Goldsmith, 526 U.S. 529, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999).  Further, the mandamus authority of the federal courts does not extend to state officials, and this Court, therefore, is unable to grant the relief sought by the plaintiff.  See, e.g., Nabelek v. Collins, 48 Fed.Appx. 104 (5th Cir. 2002)(disallowing suit for mandamus relief by state prisoner seeking an order for a state judge to rule on pending motions); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973)("a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.").[1] The Court further notes that the plaintiff has twice previously attempted to "remove" his pending criminal proceedings from state to federal court. See Douglas Robertson v. State of Louisiana, Civil Action No. 06-0585-

---

[1]     The plaintiff's reliance upon 28 U.S.C. § 1406 and Rule 21 of the Federal Rules of Appellate Procedure is misplaced.  The former statute relates only to transfers of venue between federal district courts, and the latter Rule addresses only the power of the federal appellate court to exercise authority over lower federal district courts.

FJP-DLD, and <u>Douglas Robertson v. State of Louisiana</u>, Civil Action No. 04-0874-JJB-CN.

Accordingly, because this Court lacks jurisdiction over the plaintiff's claims, it is appropriate that the instant proceeding be dismissed, with prejudice, as legally frivolous.

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's action be dismissed as frivolous within the meaning of 28 U.S.C. § 1915(e).

Signed in chambers in Baton Rouge, Louisiana, December 21, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**