UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DOUGLAS ROBERTSON (#91333)

VERSUS

LA. STATE SUPREME COURT

CIVIL ACTION

NO. 09-1029-SDD-EWD

**RULING ON MOTION FOR RECONSIDERATION**[1]

Before the court is a Motion for Reconsideration of Adverse Ruling on Motion to Nullify and Motion for Contempt of Court (the "Motion for Reconsideration")[2] filed by *pro se* plaintiff, Douglas Robertson ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana. For the reasons set forth herein, the Motion for Reconsideration[3] is DENIED.

Plaintiff seeks reconsideration of this Court's August 17, 2018 Ruling[4] denying (1) a "Motion to Nullify 9 Years Old Alleged Debt, 'Prescription'; "Statute of Limitations; 'Laches'"[5] and a "Supplemental to Pending Motion to Nullify 9 Years Old Alleged Debt; Transfer Money Back to Drawing Account from Reserve Account"[6] (collectively, the "Motion to Nullify") and (2) a Motion for Contempt of Court (the "Motion for Contempt").[7] Both the Motion to Nullify and the Motion for Contempt challenged the recent deduction of money from Plaintiff's prison banking account in order

---

[1] The undersigned previously issued a direct ruling under 28 U.S.C. § 636(A) on Plaintiff's "Motion to Nullify 9 Years Old Alleged Debt, 'Prescription'; "Statute of Limitations; 'Laches'" and Plaintiff's Motion for Contempt of Court because the basis for both motions was essentially a request to reconsider the court's Order granting Plaintiff leave to proceed *in forma pauperis* (and requiring that the requisite filing fee be paid in installments). Because the Motion for Reconsideration seeks reconsideration of an order directly issued by the undersigned pursuant to 28 U.S.C. § 636(A), the undersigned likewise issues this Ruling directly.

[2] R. Doc. 23.

[3] R. Doc. 23.

[4] R. Doc. 22.

[5] R. Doc. 19.

[6] R. Doc. 20.

[7] R. Doc. 21.

1

to make installment payments toward payment of the filing fee associated with the above captioned case based on, *inter alia*, the doctrine of laches.

By the instant Motion for Reconsideration, Plaintiff again asserts that "Ms. Rosso at Angola Banking" failed to deduct any money from Plaintiff's account for the eight year period between payment of the initial filing fee of $11.49 in January 2010 and a $60.00 installment payment made in January 2018. Plaintiff further contends that this Court "slept on the right to diligently pursue payment" of the filing fee and asserts that "although petitioner has received more than $10,000.00 between 2010 & January 2018," no payment was made prior to 2018 and the court "never notif[ied] petitioner in more than 8 years" that the filing fee remained due.[8] Plaintiff contends, based on the eight year delay, that the doctrine of laches bars any effort to obtain any portion of the filing fee at this juncture and that this Court's August 17, 2018 Ruling failed to set forth any jurisprudence "which exempts 'IFP' or 'PLRA' from the 'Doctrine of Laches.'"[9]

As this Court noted in its August 17, 2018 Ruling,[10] under the Prison Litigation Reform Act ("PLRA"), a prisoner such as Plaintiff who seeks to proceed *in forma pauperis* is required to pay an initial partial filing fee and thereafter complete payment of the filing fee in monthly installments pursuant to a specified schedule.[11] In granting Plaintiff leave to proceed *in forma pauperis*, this Court clearly set forth Plaintiff's obligation to pay the entirety of the filing fee *via* installment payments.[12]

With respect to Plaintiff's assertion that this Court was somehow required to "notify" Plaintiff of his continuing obligation to pay the entirety of the filing fee, the Order requiring such payment was never vacated or amended, and the Court presumes that Plaintiff, as a responsible litigant, was aware

---

[8] R. Doc. 23, p. 1.
[9] R. Doc. 23, p. 2.
[10] R. Doc. 22.
[11] *See*, R. Doc. 22.
[12] R. Doc. 5.

of the contents of that Order when it was issued.[13] With respect to Plaintiff's reassertion that the filing fee cannot now be collected based on the doctrine of laches, *Plaintiff*, not this Court, bears the burden of establishing that such a defense to collection of the debt applies.[14] Plaintiff's Motion for Reconsideration presents no evidence sufficient to meet this burden. Further, Plaintiff has presented no jurisprudential support for his position that an eight-year delay in obtaining an installment payment of the filing fee statutorily due under the PLRA is subject to the doctrine of laches.[15]

Accordingly, **IT IS HEREBY ORDERED** that the Motion for Reconsideration of Adverse Ruling on Motion to Nullify and Motion for Contempt of Court[16] is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 27, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 5. As set forth in the previous Ruling, this Court has no statutory authority to "depart or deviate from the payment schedule explicitly set out in the statutory provision." *Stubbs v. Ohio Dept. of Rehabilitation & Corrections*, Case No. 17-813, 2018 WL 3218703, at * 1 (S.D. Ohio July 2, 2018).

[14] *See*, *e.g.*, *Aguayo v. Universal Instruments Corp.*, 356 F.Supp.2d 699, 751 (S.D. Tex. 2005) (explaining in the context of a patent infringement claim that the party asserting laches "bears the burden of persuasion to prove laches at all times….").

[15] The Fifth Circuit in *Environmental Defense Fund, Inc. v. Alexander*, 614 F.2d 474, 478 (5th Cir. 1980) set forth the three criteria that must be met to invoke latches as "(1) a delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." Here, Plaintiff asserts, without any supporting evidence, that he has received more than $10,000.00 in his offender banking account between 2010 and 2018 and that the attempt to collect now imposes a hardship upon him because the cost of goods and merchandise in the prison canteen has risen significantly. R. Doc. 23, p. 2. Assuming *arguendo* that Plaintiff actually did have sufficient funds in his account to pay the filing fee installment payments earlier, *and* that Plaintiff could establish that the delay in deducting the installment payment was not excusable, Plaintiff's assertion that the cost of goods in the canteen has risen does not, in the undersigned's view, rise to a level significant enough for the deduction of the filing fee from his account to be considered prejudicial. Plaintiff has always been aware of his obligation to pay the entire filing fee, and his assertion that he has had access to a significant sum of money while in prison belies both the necessity of his original request to proceed *in forma pauperis*, as well as his current assertion of hardship in making these installment payments. In the context of laches, "measuring prejudice entails balancing equities." *Id*. at 479. As set forth in this Court's previous Ruling, the congressional purpose of requiring payment of the full filing fee is to "force prisoners to think twice about the case and not just file reflexively." *Bruce v. Samuels*, 123 S.Ct. 627, 631 (2016). In light of this clear congressional purpose, as well as Plaintiff's assertion that he has had significant funds in his prison account, the undersigned finds that balancing the equities here leads to the conclusion that laches does not apply.

[16] R. Doc. 23.